IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:13-CV-0245-FL

| | |
|---|---|
| ANGELA ELIZABETH THRASHER,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN COLVIN, Acting<br>Commissioner of Social Security,<br><br>Defendant. | **MEMORANDUM AND<br>RECOMMENDATION** |

This matter is before the court on the parties' cross-Motions for Judgment on the Pleadings (D.E. 24, 30). The time for filing any responses or replies has expired and the motions are now ripe for adjudication. Pursuant to 28 U.S.C. § 636(b)(1), they have been referred to the undersigned for the entry of a Memorandum and Recommendation. For the following reasons, it is RECOMMENDED that Plaintiff's Motion for Judgment on the Pleadings (D.E. 24) be DENIED, that the Defendant's Motion for Judgment on the Pleadings (D.E. 30) be GRANTED and that the Commissioner's final decision be affirmed.

**I. BACKGROUND**

Plaintiff Angela Elizabeth Thrasher filed an application for disability insurance benefits and supplemental security income on September 13, 2010, alleging a disability beginning on September 9, 2010. The claims were denied initially and upon reconsideration. A hearing was held on August 14, 2012 and, in a decision dated August 28, 2012, the Administrative Law Judge ("ALJ") Thomas G. Henderson denied Plaintiff's application. (Tr. at 10-21). The ALJ found that Plaintiff had the following severe impairments: scoliosis status/post spinal fusion; degenerative disc disease; mood disorder; and generalized anxiety disorder. (*Id*. at 12). The ALJ also found

that her impairments, alone or in combination, did not meet or equal a Listing impairment. (*Id.*). The ALJ determined that Plaintiff had the Residual Functional Capacity ("RFC") to perform sedentary work with the following limitations: can only occasionally perform postural activities and can never climb, kneel or crawl; and she is limited to no ongoing interaction with the general public. (*Id.* at 15). The ALJ determined that Plaintiff was unable to perform her past work, (*id.* at 19), but that considering her age, education, work experience and RFC, there were jobs that existed in significant numbers in the national economy that she was capable of performing including: grader/sorter, assembler, and administrative support. (*Id.* at 20). Thus, the ALJ found that Plaintiff was not disabled. (*Id*. at 21).

After unsuccessfully seeking review by the Appeals Council, Plaintiff commenced this action and filed a complaint pursuant to 42 U.S.C. § 405(g) on November 15, 2013. (D.E. 1).

## II. STANDARD OF REVIEW

When a social security claimant appeals a final decision of the Commissioner, the district court's review is limited to the determination of whether, based on the entire administrative record, there is substantial evidence to support the Commissioner's findings. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). If the Commissioner's decision is supported by such evidence, it must be affirmed. *Smith v. Chafer*, 99 F.3d 635, 638 (4th Cir. 1996).

In making a disability determination, the ALJ engages in a five-step evaluation process. 20 C.F.R. § 404.1520; *see Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005). The analysis requires the ALJ to consider the following enumerated factors sequentially. At step one, if the

claimant is currently engaged in substantial gainful activity, the claim is denied. At step two, the claim is denied if the claimant does not have a severe impairment or combination of impairments significantly limiting him or her from performing basic work activities. At step three, the claimant's impairment is compared to those in the Listing of Impairments. *See* 20 C.F.R. Part 404, Subpart P, App. 1. If the impairment is listed in the Listing of Impairments or if it is equivalent to a listed impairment, disability is conclusively presumed. However, if the claimant's impairment does not meet or equal a listed impairment then, at step four, the claimant's RFC is assessed to determine whether plaintiff can perform his past work despite his impairments. If the claimant cannot perform past relevant work, the analysis moves on to step five: establishing whether the claimant, based on his age, work experience, and RFC can perform other substantial gainful work. The burden of proof is on the claimant for the first four steps of this inquiry, but shifts to the Commissioner at the fifth step. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995).

**III. ANALYSIS**

    *A. Medical opinions*

Plaintiff first contends that the ALJ erred in considering the opinions of the treating and examining physicians. Under the Treating Physician Rule, the Commissioner generally gives more weight and deference to the opinions of treating medical sources. 20 C.F.R. § 404.1527(c)(l)-(2). However, significantly less weight is due "if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence." *Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996). If controlling weight is not assigned to a treating source's medical opinion, an ALJ must consider certain factors when deciding the weight to be assigned to any medical opinion. These include (1) examining relationship, (2) treatment

3

Case 7:13-cv-00245-FL   Document 33   Filed 12/22/14   Page 3 of 9

relationship, (3) supportability, (4) consistency, (5) specialization, and (6) any other factors that tend to support or contradict the opinion. 20 C.F.R. § 404.1527(d).

In support of her argument, Plaintiff asserts that Dr. Francis Pecoraro found that she could sit and stand for only 15 minutes, could lift no more than 5 pounds occasionally and that she would be unable to work a normal workday or a normal workweek. He concluded that she was totally disabled. Dr. Pecoraro, a pain management specialist, initially placed Plaintiff on methadone for pain. She asserts that because she suffered side effects, the implementation of more invasive therapies could not be utilized at that time. However, as the Defendant notes, Dr. Pecoraro treated Plaintiff on only three occasions between March, 2012 and May, 2012. His treatment records noted normal flexation and extension and negative straight leg raises. Her gait was normal in March, but due to a medication side effect, she was experiencing swelling in her legs when she was seen in April. By her May appointment, the swelling had resolved and she reported that her pain was less intense. Additionally, Dr. Pecoraro prescribed only conservative treatment of her pain through medication. This course of treatment, coupled with the fact that her exam findings were generally normal, suggest that her pain was not as limiting as she alleged nor was she functionally as limited as Dr. Pecoraro assessed.

The ALJ also properly addressed the opinion of Dr. R. Mark Rodger, an orthopedist, who examined Plaintiff in February, 2012. Dr. Rodger concluded that Plaintiff was disabled and opined that she would eventually require surgery. However, he also determined that she had no significant weakness or myleopathy symptoms. Additionally, imaging studies showed no nerve compression or cord compression. Dr. Rodger recommended that she be referred to pain management and obtain a psychiatric assessment.

Dr. Rodger's conclusion that Plaintiff was disabled is not entitled to any weight inasmuch as a finding on the ultimate issue of disability is an administrative finding reserved to the Commissioner. *See Krogmeier v. Barnhart*, 294 F.3d 1019, 1023 (8th Cir. 2002) ("A treating physician's opinion that a claimant is disabled or cannot be gainfully employed gets no deference because it invades the province of the Commissioner to make the ultimate disability determination."); *Parker v. Astrue*, 792 F. Supp. 2d 886, 894 (E.D.N.C. 2011) ("[T]he ALJ is not bound by a treating physician's opinion regarding whether a claimant is disabled, as that opinion is reserved for the Commissioner."). Dr. Rodger's examination records demonstrate that Plaintiff had no significant weakness or myleopathy symptoms. Additionally, he noted that imaging studies showed no major nerve compression or cord compression. The ALJ noted that since Dr. Rodger's examination, Plaintiff experienced an improvement in her pain symptoms. (Tr. at 18). Consequently, Dr. Rodger's treatment notes do not support the degree of limitation alleged by Plaintiff. Thus, the ALJ properly determined that Dr. Rodger's opinion was entitled to little weight.

Dr. Dale Caughey, a state agency consultative examiner, examined Plaintiff on March 10, 2011. The ALJ gave little weight to Dr. Caughey's findings that Plaintiff had moderate trouble sitting, standing, moving, lifting, carrying, and handling objects. (Tr. at 18). In weighing Dr. Caughey's findings, the ALJ noted that the record contained no significant complaints of sitting for prolonged periods and that Plaintiff did not require an assistive device to ambulate.[1] The medical evidence just prior to the consultative exam reflected that Plaintiff was in no acute distress, she had nontender extremities and she had a range of motion that was generally normal, except some thoracolumbar limitation. Dr. Caughey's exam noted full grip strength, the abilities

---

[1] Plaintiff used an assistive device briefly when she experienced lower extremity swelling in April, 2012.

to grasp and manipulate objects, reach overhead, heel/toe and tandem walk, and that she could get on and get off the examination table, without assistance. Such findings do not support his assessed limitations. Moreover, Plaintiff's activities of daily living included household chores such as cleaning, cooking, doing laundry, driving, walking, doing arts and crafts, attending her daughter's school functions, and earning her master's degree online. In sum, the medical evidence, together with her reported activities of daily living, suggest a level of functioning level that is greater than she alleges and that is consistent with the ALJ's RFC determination.

In sum, Plaintiff has failed to demonstrate that the ALJ's evaluation of medical opinions and her subjective complaints to providers are unsupported by substantial evidence or controlled by an error of law. To the extent that she argues that the ALJ only considered selective portions of the record and "cherry-picked" evidence that supported his opinion, a review of the ALJ's decision indicates otherwise. Although an ALJ needs to indicate the weight given to evidence so that a reviewing court can determine if the findings are supported by substantial evidence, *Gordon v. Schweiker*, 725 F.2d 231, 235 (4th Cir. 1984), an ALJ is not required to address every piece of evidence in the record, so long as a reviewing court can determine from the opinion "what the ALJ did and why he did it." *Piney Mountain Coal Co. v. Mays*, 176 F.3d 753, 762 n. 10 (4th Cir. 1999). *See also Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (stating that the ALJ need not specifically refer to every piece of evidence in his decision, so long as the ALJ's decision is not a broad rejection rendering the court unable to conclude that the ALJ considered the claimant's medical condition as a whole); *Craig v. Apfel*, 212 F.3d 433, 436 (8th Cir. 2000) ("[A]n ALJ is not required to discuss all the evidence submitted, and an ALJ's failure to cite specific evidence does not indicate that it was not considered."). Here, the ALJ accurately and fairly summarized Plaintiff's hearing testimony, the treatment notes and reports of the

6

Case 7:13-cv-00245-FL   Document 33   Filed 12/22/14   Page 6 of 9

medical providers, the objective clinical and diagnostic testing evidence, and the medications and treatment utilized. The ALJ articulated the bases for his findings and he was within his discretion in concluding the evidence did not support the limitations to the extent alleged by the Plaintiff.

Further, § 1527(d) does not require an ALJ to discuss the various factors in evaluating opinion evidence, only that such factors be considered. *See Hendrix v. Astrue*, No. 1:09–01283, 2010 WL 3448624, at *3 (D.S.C. Sept. 1, 2010) ("[A]n express discussion of each factor is not required as long as the ALJ demonstrates that he applied the § 404.1527(d) factors and provided good reasons for his decision."); *Overcash v. Astrue*, No. 5:07–CV–123, 2010 WL 5904394, at *6 (W.D.N.C. May 21, 2010) ("While an ALJ's decision need not explicitly discuss each factor, it must justify the amount of weight afforded with specific reasons."). The ALJ specifically stated that he considered the evidence in accordance with the requirements of 20 C.F.R. § 404.1527. (Tr. at 18). While Plaintiff may disagree with the weight afforded to certain opinions, re-weighing opinion evidence is not within the province of the court. *See Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (holding that a reviewing court should not undertake to reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the ALJ). Because Plaintiff has shown only disagreement, not error, in the consideration of the medical opinions, she has failed to establish that remand is warranted. Consequently, her argument on this issue should be rejected.

**B.** *Step Five*

Plaintiff also contends that the Commissioner erred at Step Five. She asserts that, when the Vocational Expert ("VE") was asked hypothetical questions which included limitations that would require Plaintiff to lie down and to miss work, the VE stated that there were no jobs that could be performed with such restrictions. Additionally, when asked about jobs that Plaintiff

would be able to do if her testimony regarding her limited ability to sit and stand were credited, the VE identified only one job.

To be helpful, a VE's opinion must be "in response to proper hypothetical questions which fairly set out all of [a] claimant's impairments." *Walker v. Bowen*, 889 F.2d 47, 50 (4th Cir. 1989). A hypothetical question is proper if it adequately reflects a claimant's RFC for which the ALJ had sufficient evidence. *Johnson v. Barnhart*, 434 F.3d 650, 659 (4th Cir. 2005); *Baker v. Astrue*, No. SAG–10–145, 2012 WL 12751, at *4 (D. Md. Jan. 3, 2012) (rejecting plaintiff's objections to the ALJ's hypothetical to VE where "the hypothetical presented to the VE [vocational expert] was supported by substantial evidence and adequately included all the limitations that were deemed credible by the ALJ"). The VE must accept as true the RFC as determined by the ALJ. *Hines v. Barnhart*, 453 F.3d 559, 566 n.5 (4th Cir. 2006).

Here, the hypothetical questions posed by the ALJ to the VE adequately reflected the plaintiff's RFC as determined by the ALJ. The hypothetical posited an individual of the same age, education, and work background as the Plaintiff who had the exertional capacity for sedentary work with limitations contained in his RFC finding. (Tr. 41-42). Because the RFC determination was lawful, the hypothetical posed to the VE was as well. Based on this hypothetical, the VE testified that there are jobs that exist in significant numbers in the national economy that an individual with the limitations described could perform. (Tr. 42).

Plaintiff's counsel's hypothetical to the VE included the additional limitations that she would require Plaintiff to lie down for one to one and one-half hours each day or would miss work two days per week. (Tr. 43-44). In response to this hypothetical, the VE testified that such limitations would preclude employment. (Tr. 44). The ALJ committed no error in omitting the additional limitations from his hypothetical to the VE because, as noted, he properly determined

8

that these additional limitations had not been established by Plaintiff. It was therefore appropriate for him to disregard the VE's testimony given in response to the Plaintiff's counsel's hypothetical that included these limitations.

Thus, the ALJ committed no error in connection with his hypothetical to the VE. Consequently, Plaintiff's challenge at step five lacks merit.

## IV. CONCLUSION

For the aforementioned reasons, it is RECOMMENDED that Plaintiff's Motion for Judgment on the Pleadings (D.E. 24) be DENIED, that Defendant's Motion for Judgment on the Pleadings (D.E. 30) be GRANTED, and that the decision of the Commissioner be affirmed.

Dated: December 22, 2014.

_____
ROBERT T. NUMBERS, II
UNITED STATES MAGISTRATE JUDGE